IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBIN WOOD,

      Plaintiff,

vs.                                            No.

HARRY LIFORD BENNETT and
WESTERN EXPRESS,

      Defendant.

### NOTICE OF REMOVAL TO THE
### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

TO:    UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEW MEXICO

        COME NOW the Defendants, Harry Liford Bennett and Western Express, (hereinafter "Defendants"), by and through its attorneys of record, Butt Thornton & Baehr PC (Paul T. Yarbrough and M. Scott Owen), and respectfully gives notice to the Court, pursuant to 28 USC §1332, of the removal of this action from the Second Judicial District Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico on the following grounds:

        1.     Robin Wood (hereinafter "Plaintiff") filed this action against Defendants in the Second Judicial District Court, County of Bernalillo, State of New Mexico, Cause No. D-202-CV-2012-04599. A copy of the Plaintiff's Complaint, Summons, and Court-Annexed Arbitration Certificate in that action are attached hereto as Exhibit A, Exhibit B, and Exhibit C. All other pleadings will be submitted pursuant to D.N.M. LR-Civ 81.1.

2. Plaintiff is a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico. Therefore, Plaintiff is a citizen of the state of New Mexico for diversity purposes. (*See* Paragraph 1 of Plaintiff's Complaint attached as Exhibit A).

3. Defendant is a foreign corporation incorporated in the state of Tennessee with its principal place of business in the state of Tennessee; therefore, Defendant is a citizen of the state of Tennessee for diversity purposes. (*See* Paragraph Nos. 3 and 5 of Plaintiff's Complaint attached as Exhibit A).

4. Defendant Harry Liford Bennett (hereinafter "Defendant Bennett") is a resident of the City of Apple Valley, California; therefore, Defendant Bennett is a citizen of the state of California for diversity purposes. (*See* Paragraph No. 2 of Plaintiff's Complaint attached as Exhibit A).

5. Complete diversity of citizenship exists between Plaintiff and all Defendants.

6. Defendant Western Express was served with the Complaint in this matter on June 15, 2012.

7. Plaintiff claims in his Complaint that Defendants are liable for personal injury arising from negligence, negligence per se, and respondeat superior. (*See* Paragraph Nos. 17 through 30 of Plaintiff's Complaint attached as Exhibit A). Plaintiff further claims he is entitled to an award of punitive damages. (*See* Paragraph Nos. 31 through 32 of Plaintiff's Complaint attached as Exhibit A).

8. The Complaint does not state a specific amount of damages sought by Plaintiff. However, in paragraph 15 of the Complaint, Plaintiff alleges his injuries are "permanent and debilitating" and "will cause life-long pain and suffering as well as the inability

to perform daily activities as before." (*See* Paragraph No 15 of Plaintiff's Complaint attached as Exhibit A). Plaintiff also seeks punitive damages and treble damages. (*See* Paragraph Nos. 31 and 32 of Plaintiff's Complaint attached as Exhibit A; *see also*, *Prayer for Relief* on page 6 of Plaintiff's Complaint attached as Exhibit A). Finally, counsel for Plaintiff in a telephone conversation indicated the Plaintiff will seek damages in excess of $75,000. Based upon all of this, the amount in controversy in this action exceeds $75,000, and there is a good faith basis to assert that the amount-in-controversy requirement of this Court is satisfied.

9. This Complaint is a civil action over which this Court has jurisdiction, pursuant to 28 USC §1332 and which is removable by Defendants under the provisions of 28 USC §1441 in that:

    a. The amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs; and

    b. The amount in controversy is between citizens of different States.

10. All defendants consent to the removal of this action.

11. This Notice of Removal is filed with this Court within 30 days after service of Plaintiff's Complaint on Defendant Western Express.

12. Defendant, immediately upon filing of this Notice of Removal, gave written notice of the filing as required by 28 USC §1446(d) and filed a copy thereof with the Clerk of the Second Judicial District Court, County of Bernalillo, State of New Mexico, the Court from which this action is removed.

13. This Notice of Removal is signed pursuant to Fed.R.Civ.P. 11.

WHEREFORE, Defendants, Harry Liford Bennett and Western Express, respectfully request that the above-entitled action be removed from the Second Judicial District

Court, County of Bernalillo, State of New Mexico, to the United States District Court for the District of New Mexico.

Respectfully Submitted,

BUTT THORNTON & BAEHR PC

/s/ M. Scott Owen
Paul T. Yarbrough
M. Scott Owen
Attorneys for Defendant
P.O. Box 3170
Albuquerque, NM  87190-3170
Telephone:  (505) 884-0777

I HEREBY CERTIFY that on the 16th day of July, 2012, I filed the foregoing electronically through the CM/ECF system.

AND I FURTHER CERTIFY that on such date, I served the foregoing on the following non-CM/ECF participant via first class mail, postage prepaid addressed as follows:

Frank V. Balderrama, Esq.
Will Ferguson & Associates
1720 Louisiana Blvd. NE
Ste. 100
Albuquerque, NM  87110
frank@fergusonlaw.com

/s/ M. Scott Owen
M. Scott Owen

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/11/2012 9:43:10 AM
GREGORY T. IRELAND

Tony Lucero

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

ROBIN WOOD,

    Plaintiff,

v.      No. D-202-CV-2012-04599

HARRY LIFORD BENNETT; and
WESTERN EXPRESS,

    Defendants.

### COMPLAINT FOR PERSONAL INJURY

COMES NOW the Plaintiff, Robin Wood, by and through his attorneys of record, WILL FERGUSON & ASSOCIATES (Frank V. Balderrama, Esq.), and for his causes of action, states as follows:

1. Plaintiff Robin Wood is a resident of the City of Albuquerque, County of Bernalillo, State of New Mexico.

2. Defendant Harry Liford Bennett, (hereinafter referred to as "Defendant Bennett"), resides at 16615 Ocotilla Rd., Apple Valley, California, 92307, at all times material to the allegations contained in this Complaint.

3. Upon information and belief, Defendant Western Express is a foreign for profit corporation incorporated in and under the laws of the State of Tennessee.

4. Upon further information and belief, Defendant Western Express purposefully availed themselves to the laws of the State of New Mexico by conducting business and creating sufficient minimum contacts throughout the State of New Mexico at all times material herein.

5. Defendant Western Express may be served with process at its principle place of business, or headquarters, located at 7135 Centennial Pl., Nashville, TN, 37209.


EXHIBIT A

6. Upon information and belief, and at all times material hereto, Defendant Bennett was an employee of Defendant Western Express and working within the course and scope of his employment with Defendant Western Express.

7. All acts complained of herein occurred in the County of Bernalillo, City of Albuquerque, State of New Mexico.

8. Jurisdiction and venue are proper pursuant to NMSA 1978, § 38-3-1 (2003).

## STATEMENT OF FACTS

9. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

10. On October 26, 2011, Mr. Robin Wood was traveling eastbound on Ouray Rd. in Albuquerque, New Mexico, when he stopped for a semi tractor-trailer driven by Defendant Bennett who pulled out of a Wal-Mart parking lot and attempted to make a left hand turn.

11. Mr. Wood had the right of way when traveling eastbound on Ouray Rd. to which Defendant Bennett should have stopped and waited for Mr. Wood to pass before negotiating his left hand turn.

12. Unfortunately for Mr. Wood, not only did Defendant Bennett pull out in front of his vehicle, but while negotiating the left hand turn, Defendant Bennett did not leave himself enough room to make the turn causing the trailer he was pulling to slam into Mr. Wood's vehicle throwing it backward.

13. According to the incident report of Officer M. Pena with the Albuquerque Police Department, contributing factors to the collision by the liable driver, Defendant Bennett, were *Diver Inattention* and *Made and Improper Turn*. As for the Plaintiff, there were none.

2

14. As a result of the negligent acts and or omissions of Defendant Bennett, Plaintiff Robin Wood suffered injuries and damages all in an amount not presently determinable, but to be proven at the time of trial.

15. The injuries sustained by Mr. Wood were of a permanent and debilitating nature which will cause life-long pain and suffering as well as the inability to perform daily activities as before.

16. Plaintiff suffered and continues to suffer from the injuries he sustained due to the negligence of the liable driver.

## FIRST CAUSE OF ACTION
## NEGLIGENCE, NEGLIGENCE PER SE AND RESPONDEAT SUPERIOR

17. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

18. Defendants owed a duty to exercise ordinary care in connection with their ownership, operations, maintenance, inspection, and upkeep of the tractor and trailer in question and in furtherance of their business.

19. Defendants were individually and collectively responsible for the maintenance, repair, inspection, and upkeep of the tractor and trailer at issue in this case.

20. Defendants were also individually and collectively responsible for seeing that the requirements of the Federal Motor Carrier Safety Regulations and applicable State or Federal rules or regulations regarding commercial motor vehicle drivers, commercial motor vehicles, and related record keeping were complies with.

21. Defendant Western Express was individually and solely responsible for the hiring, retention, training, and supervision of Defendant Bennett.

3

22. At all times relevant hereto, an employer-employee relationship existed between Defendant Western Express and Defendant Bennett.

23. At all times material hereto, Defendant Bennett was acting in the course and scope of his employment with Defendant Western Express when he breached his duties to the Plaintiff and such breaches, singularly or in combination with those of Defendant Western Express, constitute negligence, gross negligence, and violations of State and Federal regulations which proximately caused injuries and damages to Plaintiff Robin Wood.

24. The Defendant's negligent acts and or omissions include, but are not limited to the following:

   a. Operating a tractor-trailer at an unreasonable rate of speed under the existing circumstances;

   b. Failing to keep a proper lookout;

   c. Failing to make a timely application of the brakes or to otherwise control speed;

   d. Improper and unsafe handling of a semi tractor-trailer;

   e. Allowing for the operation of a commercial motor vehicle while the drivers ability or alertness is so impaired, through fatigue, illness or any other cause, so as to make it unsafe for him to begin or continue to operate the commercial motor vehicle;

   f. Failing to properly supervise employees hired to operate, maintain, or inspect their vehicles or equipment;

   g. Failing to properly train employees hired to operate, maintain or inspect Defendants vehicles or equipment;

   h. Failing to establish a safety policy and/or safety protocol that would ensure that no vehicle and/or equipment owner, operated, repaired, inspected, or maintained by Defendants

4

would be on the roadway when not in compliance with all requisite regulations and/or safety standards or when in a defective or dangerous condition;

    i.    Failing to establish educational and/or safety training programs for those responsible for the operation, maintenance, inspection or upkeep of the vehicles or equipment owned or operated by Defendants so that those individuals were properly trained to ensure that those vehicles or equipment would not operate on the roadway in an unsafe, dangerous, or defective condition;

    j.    Violations of the New Mexico Transportation Code;

    k.    Violations of the Federal Motor Carrier Safety Regulations; and

    l.    Entrusting a tractor-trailer to Defendant Bennett, a reckless or incompetent driver, that Defendant Western Express knew or should have known to be negligent, reckless or incompetent.

    25.    New Mexico Statutes and regulations were in place and effect in New Mexico which prescribed certain actions and defined curtain conduct of which Defendants violated by some of the actions as described above.

    26.    Plaintiff was in a class of persons sought to be protected by these certain New Mexico Statutes and regulations.

    27.    As a result, the harm and/or injury sustained by the Plaintiff was generally the type of harm and injury the New Mexico legislature through the statute sought to prevent.

    28.    The negligence of the Defendants as described above is and was a proximate cause of the trucking collision on October 26, 2011, and the subsequent injuries sustained by Plaintiff Robin Wood

29. As a further direct and proximate result of Defendants negligent, intentional, and/or reckless acts and/or omissions, Plaintiff Robin Wood suffered severe physical, emotional, and psychological pain and suffering all in an amount not presently determinable, but to be proven at the time of trial.

30. The injuries and damages sustained by the Plaintiff, past, present, and future were, are and will be due to the negligent, intentional, and reckless acts and omissions of the Defendants without any contributing negligence on the part of the Plaintiff.

## SECOND CAUSE OF ACTION
## PUNITIVE DAMAGES

31. Plaintiff incorporates by reference as fully set forth herein each and every allegation contained in the preceding paragraphs of this Complaint.

32. The acts and/or omissions of Defendants were of such an egregious nature, in reckless, wanton and total disregard to the rights of the public, including Plaintiff, that in addition to actual damages ascertained and demonstrated by a preponderance of the evidence, punitive damages or exemplary damages to punish and deter this type of act and omission from occurring in the future are appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays this Court for judgment against the Defendants for all compensatory damages; punitive damages; treble damages as allowed under New Mexico law; pre- and post-judgment interest; attorney fees and costs; and all other relief that the Court deems just and proper.

Respectfully submitted,

WILL FERGUSON & ASSOCIATES


*/s/Frank V. Balderrama*
Frank V. Balderrama, Esq.
1720 Louisiana Blvd. NE
Ste. 100
Albuquerque, NM 87110
(505) 243-5566 – *telephone*
(505) 243-5699 – *facsimile*
*Attorney for the Plaintiff*

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

ROBIN WOOD,

    Plaintiff,

v.                                No. D-202-CV-2012-04599

HARRY LIFORD BENNETT; and
WESTERN EXPRESS,

    Defendants.

## SUMMONS

TO:    Western Express
        7135 Centennial Place
        Nashville, TN  37209

Defendant(s) Greetings:

    YOU ARE HEREBY directed to serve a pleading or motion to the Complaint within thirty (30) days after service of this summons, and file the same, all as provided by law.
    You are noticed that, unless you serve and file a responsive pleading or motion, the Plaintiff(s) will apply to the Court for relief demanded in the Complaint.

Attorneys for the Plaintiff:    Frank V. Balderrama, Esq.
                                     WILL FERGUSON & ASSOCIATES
                                     1720 Louisiana Blvd NE
                                     Suite 100
                                     Albuquerque, NM  87110
                                     (505) 243-5566

    WITNESS the Honorable Alan Malott, District Judge of the Second Judicial District Court of said County, this 6th day of June, 2012.



GREGORY T. IRELAND
CLERK OF THE DISTRICT COURT

By: _____
                                          Deputy

NOTE: This summons does not require you to see, telephone or write to the District Judge of the Court at this time. It does require you or your attorney to file your legal defense to this case in writing with the Clerk of the District Court within 30 days after the summons is legally served on you. If you do not do this, the party suing may get a Judgment by default against you. If you want the advice of a lawyer and don't know one, you may wish to call The State Bar Statewide Lawyer Referral Service at 797-6047.



STATE OF NEW MEXICO   )
                     )ss.
COUNTY OF _____  )

RETURN FOR COMPLETION BY SHERIFF OR DEPUTY:
    I certify that I served the within Summons in said County on the _____ day of _____ 2011, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

RETURN FOR COMPLETION BY OTHER PERSON MAKING SERVICE:
    I, being duly sworn, on oath, say that I am over the age of 18 years and not a party to this lawsuit, and that I served the within Summons in said County of the ___ day of ____, 2011, be delivering a copy thereof, with copy of Complaint, First Set of Interrogatories and Request for Production attached, in the following manner:

(check one box and fill in appropriate blanks)
[ ] To Defendant _____ (used when Defendant receives copy of Summons, is read Summons or Complaint or refuses to receive Summons or hear reading.)
[ ] To _____, a person over the age of 15 years and residing at the usual place of above of Defendant _____, who at the time as such service was absent therefrom.
[ ] By posting a copy of the Summons and Complaint in the most public part of the premises of Defendant _____ (used if no person found at dwelling house or usual place of abode.)
[ ] To _____, (parent) (guardian) of Defendant _____ (used when Defendant is a minor or an incapacitated person.)
[ ] To _____, _____
    (name of person)    (title of person authorized to receive service)
(used when Defendant is a corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision.)

Fees:

_____
Signature of Private Citizen Making Service

SHERIFF OF _____ COUNTY
State of New Mexico

Subscribed and sworn to before me
this _____ day of _____, 2012

_____

By: _____
    Deputy

_____
Notary or Other Officer
Authorized to Administer Oaths

FILED IN MY OFFICE
DISTRICT COURT CLERK
5/11/2012 9:43:10 AM
GREGORY T. IRELAND

Tony Lucero

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT

ROBIN WOOD,

    Plaintiff,

v.                                                       No. D-202-CV-2012-04599

HARRY LIFORD BENNETT; and
WESTERN EXPRESS,

    Defendants.

## COURT-ANNEXED ARBITRATION CERTIFICATION

COMES NOW the Plaintiff, Robin Wood, by and through his attorneys of record, WILL FERGUSON & ASSOCIATES (Frank V. Balderrama, Esq.), pursuant to Second Judicial District Local Rules, Rule LR2-603, certifies that Plaintiff seeks relief other than a money judgment and/or seeks relief in excess of twenty five thousand dollars ($25,000.00), exclusive of punitive damages, interest, costs, and attorney fees.

Respectfully submitted,

WILL FERGUSON & ASSOCIATES

_/s/Frank V. Balderrama_
Frank V. Balderrama, Esq.
1720 Louisiana Blvd NE
Suite 100
Albuquerque, NM 87110
(505) 243-5566-*telephone*
(505) 243-5699-*facsimile*
*Attorney for the Plaintiff*



EXHIBIT C